UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO ESTEBAN SANCHEZ,<br><br>　　　　　　　　　　　　Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>　　　　　　　　　　　　Respondent. | Case No.: 21cv1072-MMA-MDD<br><br>**ORDER GRANTING PETITIONER'S REQUEST FOR COPIES OF DOCUMENTS AND DENYING PETITIONER'S REQUESTS FOR APPOINTMENT OF COUNSEL AND EXPEDITED REVIEW**<br><br>[ECF No. 13] |

Petitioner, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On July 19, 2021, *nunc pro tunc*, Petitioner moved the Court for a copy of all documents, motions, and court orders, appointment of counsel, expedited review, and an order granting his Petition for Writ of Habeas Corpus. (ECF No. 13). Petitioner's requests are addressed in turn.

**A. Petitioner's Request for a Copy of Documents, Motions and Court Orders**

Petitioner indicates he has not received the June 16, 2021 court order

and has not received any confirmation of his payments or notice that his case has been reopened. (ECF No. 13). Petitioner has requested that a copy of all documents, motions and court orders be mailed to him. (*Id.* at 2).

The Court's records indicate the documents Petitioner alleges he never received were sent to Petitioner at his current address. Regardless, in light of Petitioner's concern, the Court **GRANTS** Petitioner's request and **ORDERS** the Clerk of Court to mail ECF Nos. 7, 8, 9, 10 and 13 to Petitioner.

### B. Petitioner's Request for Appointment of Counsel

Petitioner requests that the Court assign an attorney to represent him so that he will receive a fair proceeding and avoid errors such as not receiving relevant orders mailed by the Court. (ECF No. 13 at 2).

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1181; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Knaubert*, 791 F.2d at 728 (citing *Bashor*, 730 F.2d at 1234).

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a

particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196 (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970)); *Knaubert*, 791 F.2d at 728-29. The Ninth Circuit considers the clarity and coherence of a petitioner's district court pleadings to determine the necessity of appointment of counsel; if clear and understandable, the court typically finds appointment of counsel unnecessary. *See LaMere v. Risely*, 827 F.2d 622, 626 (9th Cir. 1987).

At this stage of the proceedings, it does not appear that appointment of counsel is required to prevent a due process violation. Petitioner shows that he has "a good understanding of the issues and the ability to present forcefully and coherently his contentions" through his Petition. *Id*. Although Petitioner indicates he has experienced issues receiving mail from the Court, the Court has addressed this above by ordering the relevant documents be mailed to Petitioner again. (ECF No. 13 at 2). Further, despite not having received the Court's Order docketed on June 16, 2021, Petitioner accessed the law library and successfully found the Order in the Lexis Nexis system. (*Id*. at 1). There is no indication that Petitioner is incapable of presenting his claims.

Based on Petitioner's filings thus far in the case, it appears that he is adequately representing himself at this stage of the proceedings. Accordingly, the Court finds that the interests of justice do not require the appointment of counsel at this time and **DENIES** without prejudice Petitioner's request for appointment of counsel.

### C. Petitioner's Request for Expedited Review and an Order Granting his Petition for Writ of Habeas Corpus

Petitioner also requests expedited review and an order granting his Petition for Writ of Habeas Corpus. (ECF No. 13 at 2). The Court **DENIES**

these requests as premature.  Following completion of the briefing, the Court will issue a Report and Recommendation on the Petition for Writ of Habeas Corpus.  As indicated above, the Clerk of Court is **ORDERED** to mail the briefing schedule located at ECF No. 9 to Petitioner.

**IT IS SO ORDERED.**

Dated:   July 28, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge